FILED

MAR 1 1 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

BRENDA BROWN,                          )    No. 99-473-TUC-RCC
                                       )
         Plaintiff,                    )    **ORDER**
                                       )
vs.                                    )
                                       )
CITY OF TUCSON, a municipal            )
organization of the State of Arizona,  )
                                       )
         Defendant.                    )
                                       )
_____)

    Pending before the Court are Defendant's Motion to Exclude Damages and Set for Non-Jury Trial ("Defendant's Motion") (Docket # 78), Plaintiff's Opposition to Motion to Exclude Damages and Set for Non-Jury Trial ("Plaintiff's Opposition") (Docket # 79) and Defendant's Reply Memorandum Regarding Motion to Exclude Damages and Set for Non-Jury Trial (Docket #80).

    Defendant essentially relies on an a decision reached by the Seventh Circuit in *Kramer v. Banc of America Securities, L.L.C.*, 355 F.3d 961 (7th Cir.) *cert. denied* 124 S.Ct. 2876 (2004), where compensatory and punitive damages were denied.  The *Kramer* court stated:

> Because Kramer was not entitled to recover compensatory and punitive damages, she has no statutory or constitutional right to a jury trial.  The only remedies Kramer (or any plaintiff bring a claim of retaliation against an employer under the ADA) was entitled to seek were equitable in nature.  See 42 U.S.C. § 2000-e 5(g)(1) (stating that where an employer has engaged in an unlawful employment practice, a court may issue an injunction, reinstate the plaintiff employee, order back pay, or award "any other equitable relief as the court deems appropriate").  There is no right to a jury where the only remedies sought (or available) are

81

equitable.

355 F.3d at 966.

One of the purposes of the CRA is "to provide appropriate remedies for intentional discrimination and unlawful harassment in the workplace." Civil Rights Act of 1991, Pub.L. 102-166, Sec. 3. While there is case law supporting the proposition that no compensatory damages are available for violation of 42 U.S.C. §12203, there is also case law from this Circuit to support the proposition that compensatory damages are available. *See Kramer*, 355 F.3d 961; *Ostrach v. Regents of the University of California*, 957 F.Supp. 196 (E.D.Cal. 1997). In this case, the Court finds it difficult to believe that the Ninth Circuit would have taken the trouble to remand this case and disallow compensatory damages, otherwise, the majority of this case would be moot.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion (Docket #78) is DENIED. However, Plaintiff is only allowed to seek compensatory damages as well as equitable relief, no punitive damages are to be allowed. Likewise, Plaintiff may seek trial by jury.

DATED this 7th day of March, 2005.

RANER C. COLLINS
United States District Judge